UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, )
                                                  Plaintiff, )
                                                  )   Case No. MJ09-62
      v. )
MIGUEL A. BAEZ, )   DETENTION ORDER
                                                 Defendant. )
_____ )

<u>Offenses charged</u>:

    Count 3:    Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. §§ 841 (a)(1), 841 (b)(1)(A), and 846

    Count 4:    Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. §§ 841 (a)(1), 841 (b)(1)(B), and 846

<u>Date of Detention Hearing</u>:    February 25, 2009

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1)    Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that defendant is a flight risk and a danger to the community based on the nature of the pending charges. Application of the presumption is appropriate in this case.

(2)    Defendant faces a possible 15 year minimum sentence.

DETENTION ORDER     15.13
18 U.S.C. § 3142(i)     Rev. 1/91
PAGE 1

(3) Defendant has substantial family contacts in Mexico.

(4) Defendant has business interests in Mexico.

(5) When arrested, a handgun was found in defendant's bed stand.

(6) Defendant has no ties to this jurisdiction.

(7) Defendant is unemployed.

(8) There are no conditions or combination of conditions other than detention that will reasonably assure the appearance of defendant as required or ensure the safety of the community.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 25th day of February, 2009.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge